# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Anthony Camboni, | No. CV-23-02290-PHX-SMM |
| Plaintiff, | **ORDER** |
| v. | |
| State of Arizona, et al., | |
| Defendants. | |

This matter is before the Court on Defendant Maricopa County's Motion to Dismiss, (Doc. 28). Also before the Court is Defendants Katie Hobbs and the State of Arizona's (the "State and Governor's") Motion to Dismiss and Joinder in Maricopa County's Motion. (Doc. 30). The Motions are fully briefed. For the reasons stated below, the Court grants the Motions to Dismiss. (Docs. 28, 30, 46–47, 49–50).

## I.   BACKGROUND

Plaintiff Anthony Camboni brings this action for damages and injunctive relief arising from Plaintiff's election contest of the 2022 Arizona gubernatorial election, in which Plaintiff was a write-in candidate. Plaintiff alleges numerous constitutional violations arising from the Maricopa County Superior Court Judge's disposition of Plaintiff's Contest of Election petition. Plaintiff argues that he received the highest number of legal votes in the 2022 election and that Governor Katie Hobbs received no legal votes. Because Plaintiff did not concede the election, Plaintiff argues, it is Plaintiff

who is the rightful Governor of Arizona. Plaintiff seeks damages as a result of Defendants' actions.

This is not Plaintiff's first foray into election litigation. On numerous occasions, Plaintiff has seen fit to contest election results in this Court, representing himself each time. See Camboni v. Adel, No. CV-21-01996-PHX-DWL, 2022 WL 596798, at *1–2 (D. Ariz. Feb. 28, 2022) (collecting cases).[1] Plaintiff's election-related lawsuits have been premised on the theory that an elected official was an unqualified candidate who received no legal votes and that Plaintiff, a write-in candidate for the same office, received the highest number of legal votes and is thus entitled to occupy said office. See id.

In 2015, Plaintiff brought suit as "King, Ambassador Anthony Camboni" against then-Attorney General Mark Brnovich ("AG Brnovich"), the Governor and Secretary of State of Arizona, members of the Arizona Supreme Court, and other officials and entities. Camboni v. Brnovich et al., No. CV-15-02538-PHX-JAT, 2016 WL 4271850 (D. Ariz. Aug. 15, 2016). In that case, Plaintiff brought a challenge, among other claims, to the 2014 election of the Attorney General of Arizona. Plaintiff claimed that AG Brnovich was elected illegitimately and had received no legal votes. The lawsuit was dismissed without leave to amend. Id. at *9.

In 2017, Plaintiff brought suit against similar defendants, including but not limited to John McCain, the Republican National Committee, AG Brnovich, then-Governor Doug Ducey, members of the Arizona Supreme Court, the State Bar of Arizona, the State of Arizona, and Maricopa County. See Camboni v. McCain, No. CV-17-04443-PHX-DLR. Plaintiff sought in that case to contest the eligibility and election of John McCain as a United States Senator, an office for which Plaintiff had run during the 2016 election. Id. at Docs. 1, 12. Plaintiff's complaint was dismissed after he was given leave to amend but failed to remedy the deficiencies in his complaint. Id. at Docs. 7, 13.

---

[1] Plaintiff has also brought several non-election related lawsuits in this district. See Camboni v. Arizona et al., No. CV-10-01903-PHX-GMS, Camboni v. MGM Grand Hotel LLC et al., No. CV-11-01784-PHX-DGC, Camboni v. Allstate Ins. Co. et al., No. CV-13-1846-PHX-MEA, Camboni v. Brnovich et al., No. CV-17-4249-PHX-DJH.

In 2019, Plaintiff brought suit against similar officials, including AG Brnovich, the Governor, the Secretary of State, as well as two Maricopa County Superior Court judges. See Camboni v. Brnovich, No. CV-19-5091-PHX-SPL. Plaintiff claimed that the 2018 Arizona Attorney General election was illegal and that Plaintiff, a write-in candidate in the election, received the highest number of legal votes. Id. at Doc. 15. The lawsuit was dismissed without leave to amend. Id. at Doc. 16.

Most recently, in 2021, Plaintiff brought suit against Maricopa County Attorney Allister Adel, a Maricopa County Superior Court judge, Maricopa County itself, and then-Secretary of State Katie Hobbs. See Adel, 2022 WL 596798. Plaintiff alleged in that case that he had run for the office of Maricopa County Attorney in the 2020 election and, following the election, filed an election contest that was denied. The case was dismissed after the Court issued an order to show cause that Plaintiff did not respond in substance to. See Camboni v. Adel, No. CV-21-01996-PHX-DWL, 2022 WL 912296, at *2 (D. Ariz. Mar. 29, 2022).

The Maricopa County Superior Court declared Plaintiff a vexatious litigant in 2018, citing the array of cases Plaintiff had brought in both state and federal court, many of which cited the same unsupported legal theories. (Doc. 28-1 at 2–5).

Here, Plaintiff seeks to invalidate the outcome of Arizona's 2022 gubernatorial election, in which Governor Hobbs was elected as the Governor of Arizona. Plaintiff's claims primarily center around the alleged concealment of Plaintiff's Contest of Election petition (the "Election Contest Petition" or the "Petition"), filed on December 9, 2022 pursuant to A.R.S. §§ 16-672(a) and 16-673(A), in which Plaintiff sought to contest the election of Katie Hobbs as the Governor of Arizona by presenting evidence that Governor Hobbs received no legal votes. (Id. at 40). Plaintiff alleges that 2,559,261 illegal votes were cast for unqualified candidates in the state election and that Governor Hobbs received zero legal votes.[2] (Id. at 15). Plaintiff alleges that he is the candidate who

---

[2] The total number of ballots cast in Arizona's 2022 statewide election, per the State of Arizona Official Canvass for the 2022 General Election, was 2,592,313. (Doc. 28-2 at 2). The Court takes judicial notice of the Official Canvass because it is publicly available on a government agency website and is thus not subject to reasonable dispute. See Daniels-

- 3 -

received the highest number of legal votes—41 votes, per the Official Canvass—and that he has not conceded the election. (Id., Doc. 28-2 at 3). Plaintiff alleges that proper adjudication of Plaintiff's Petition, which Plaintiff filed on December 9, 2022, would have compelled Maricopa County Superior Court Judge Joseph Welty ("Judge Welty") to issue a ruling declaring that Plaintiff had received the highest number of legal vote and thus would "result in occupancy of the Office of Arizona Governor by Anthony Camboni." (Doc. 27 at 41).

Plaintiff filed this action on November 3, 2023. (Doc. 1). Plaintiff's Second Amended Complaint ("SAC"), filed on March 26, 2024, (Doc. 27), alleges violations of (1) Arizona's contest of election procedures as set out in A.R.S. §§ 16-673, 16-674, and 16-676; (2) Plaintiff's due process rights pursuant to Article II of the Arizona Constitution; (3) Plaintiff's due process rights pursuant to the Fourteenth Amendment of the U.S. Constitution; (4) Plaintiff's right to a free and equal election pursuant to Article II of the Arizona Constitution; (5) Plaintiff's right of petition and assembly pursuant to Article II of the Arizona Constitution; and (6) Plaintiff's right to petition pursuant to the First Amendment of the U.S. Constitution. Plaintiff also brings state common-law causes of action for negligence and breach of the implied covenant of good faith and fair dealing.

Maricopa County has filed a Motion to Dismiss. (Doc. 28). The State and Governor have filed a separate Motion to Dismiss and joinder in Maricopa County's Motion. (Doc. 30). Both Motions are fully briefed. (Docs. 28, 30, 46–47, 49–50).

**II.    LEGAL STANDARD**

Motions to dismiss under Federal Rule of Civil Procedure 12(b)(6) "can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990). In evaluating a motion to dismiss, a court will "accept the factual allegations of the complaint as true and construe them in the light most favorable to the plaintiff." AE Hall v. Nat'l Educ. Ass'n, 629 F.3d 992, 998–99 (9th Cir. 2010).

ex rel. Hernandez v. Cnty. of Tulare, 666 F.3d 631, 636 (9th Cir. 2012). In addition, the Court must "liberally construe" the pleadings of pro se litigants. Boag v. MacDougall, 454 U.S. 364, 365 (1982) (per curiam).

A pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2) (emphasis added). The pleading must "put defendants fairly on notice of the claims against them." McKeever v. Block, 932 F.2d 795, 798 (9th Cir. 1991). While Rule 8 does not demand detailed factual allegations, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. "Threadbare recitals of the elements of a cause action, supported by mere conclusory statements, do not suffice." Id.

A motion to dismiss made under Rule 12(b)(1) challenges the court's subject matter jurisdiction over the claims asserted. "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3); see also Augustine v. United States, 704 F.2d 1074, 1077 (9th Cir. 1983). When subject matter jurisdiction has been challenged, the plaintiff bears the burden of proving jurisdiction. Stock West, Inc., Confederated Tribes, 873 F.2d 1221, 1225 (9th Cir. 1989). In considering the question of jurisdiction, the Court must be cognizant that "[i]t is a fundamental principle that federal courts are courts of limited jurisdiction." Owen Equip. & Erection Co. v. Kroger, 437 U.S. 365, 374 (1978).

### III. DISCUSSION

Plaintiff brings claims against the State of Arizona (the "State"), Maricopa County, and then-Secretary of State (now Governor) Katie Hobbs ("Governor Hobbs"). Plaintiff also alleged claims against Secretary of State Adrian Fontes and Judge Welty, who were dismissed from this action for lack of service. (Docs. 24, 54).

Plaintiff alleges causes of action against Governor Hobbs in both her personal capacity and her official capacity as then-Secretary of State during Arizona's 2022 General Election. (Doc. 27 at 2). Plaintiff alleges that the 1,287,891 ballots cast for Governor Hobbs were illegal votes and that Governor Hobbs has been permitted to occupy the office of Arizona Governor wrongfully and illegally as a result of Judge Welty's denial of Plaintiff's due process rights. (Id. at 14). Plaintiff alleges that Governor Hobbs, by taking the oath of office for the Governor of Arizona, has committed a Class 6 Felony. (Id. at 15). Plaintiff's official capacity claims allege that Governor Hobbs, as the then-Secretary of State of Arizona, owed a duty to ensure that candidates for the office of Governor were qualified and that Contest of Election petitions were properly adjudicated in accordance with Arizona's procedures. (Id. at 16). Plaintiff alleges that Governor Hobbs failed to investigate Plaintiff's claims concerning Judge Welty's alleged acts of concealment of Plaintiff's Election Contest Petition. (Id. at 17).

Plaintiff's claims against the State and Maricopa County arise more directly from Judge Welty's disposition of Plaintiff's Petition. Plaintiff alleges that Maricopa County is liable for violations of Arizona's contest of election procedures, as set out in A.R.S. §§ 16-673, 16-674, and 16-676, due to Judge Welty's alleged concealment of Plaintiff's Petition. (Id. at 18–19). With respect to the State, Plaintiff alleges that the State should have been aware that Plaintiff's Petition was concealed and that the State failed to investigate. In addition, Plaintiff alleges that the State is responsible for the acts of each of the aforementioned Defendants, including Governor Hobbs, Judge Welty, Secretary of State Fontes, and Maricopa County.

Maricopa County argues that Plaintiff's claims should be dismissed with prejudice because (1) Plaintiff has failed to state a claim against Maricopa County, (2) the Court lacks jurisdiction, (3) Plaintiff's claims are barred under the doctrine of laches, and (4) Plaintiff fails to state a claim for relief. Similarly, the State and Governor argue in their separate Motion to Dismiss that Plaintiff's claims should be dismissed because 1) the Court lacks jurisdiction to hear Plaintiff's election challenge, 2) the doctrine of laches

bars Plaintiff's claims, 3) Plaintiff fails to allege enough facts to state a claim for relief, and 4) Plaintiff fails to meet the test for injunctive relief and punitive damages.

The Court first addresses Defendants' claims that the Court lacks jurisdiction over this action to the extent that Plaintiff seeks to contest the results of Arizona's 2022 General Election. Second, the Court addresses Defendants' arguments that Plaintiff is not entitled to recover damages from any Defendant for the alleged concealment of Plaintiff's Election Contest Petition.

### a. The Court lacks subject matter jurisdiction over Plaintiff's claims for injunctive relief relating to the Maricopa County Superior Court's disposition of Plaintiff's Election Contest Petition.

Plaintiff seeks injunctive relief in at least three respects; first, Plaintiff seeks to compel Maricopa County "to provide Judge Joseph Welty opportunity to admit the truth, concerning Defendant Kathleen 'Katie' Hobbs' (wrongful and illegal) occupancy of the Office of Arizona Governor." (Doc 27 at 9). Second, Plaintiff seeks to compel Maricopa County to provide Plaintiff the case number assigned to his Election Contest Petition filed on December 9, 2022. (Doc. 27 at 9). Third, Plaintiff seeks to compel the State of Arizona to admit that Governor Hobbs is illegally occupying the office of Governor. (Id.)

Defendants argue that the Court lacks jurisdiction to hear challenge brought by Plaintiff to the results of the Arizona's 2022 General Election because Arizona law sets procedures for contesting elections and Plaintiff's failure to comply with Arizona's statutory procedures is fatal to his election challenge. (Docs. 28 at 4–5, 30 at 3). The Court agrees.

Arizona law requires that election contests be brought in "the superior court of the county in which the person contesting resides or in the superior court of Maricopa County." A.R.S. § 16-672(B). "Any elector of the state may contest the election of any person declared elected to a state office." A.R.S. § 16-672(A). In order to contest an election, an elector must file a statement of contest "within five days after completion of the canvass of the election and declaration of the result thereof by the secretary of state or

by the governor." A.R.S. § 16-673(A). The failure to abide by Arizona's election contest procedures is fatal to a late election challenge. "Election contests are purely statutory and dependent on statutory provisions for their conduct." Fish v. Redeker, 411 P.2d 40, 43 (Ariz. Ct. App. 1966). "The failure of a contestant to an election to strictly comply with the statutory requirements is fatal to his right to have the election contested." Donaghey v. Att'y Gen., 584 P.2d 557, 559 (Ariz. 1978).

Plaintiff responds that he is not seeking for this Court to adjudicate his Election Contest Petition. (Doc. 46 at 5). Plaintiff alleges that he did attempt to contest the results of the 2022 General Election, filing his Election Contest Petition with the Maricopa County Superior Court on December 9, 2022. (Doc. 27 at 40). Judge Welty was the Superior Court Judge who was assigned to hear Plaintiff's Petition. (Id. at 10–11). Plaintiff repeatedly alleges that Judge Welty "concealed" his election contest and prevented Plaintiff's Petition from being filed. (Id. at 10–13). Plaintiff also alleges that Judge Welty erred by failing to hold a hearing on Plaintiff's Petition as required by A.R.S. § 16-676. (Id. at 13).

While Plaintiff may contend that he is not actually seeking for the Court to adjudicate his Petition, Plaintiff's SAC asks the Court to compel Judge Welty, through Maricopa County, and the State of Arizona to admit that Governor Hobbs' occupation of the office of Governor is unlawful. (Doc. 27 at 9). Plaintiff is, in essence, asking the Court to give effect to his 2022 Election Contest in contravention of Arizona's statutory procedures.

The Court finds that Plaintiff has not met his burden of establishing this Court's subject matter jurisdiction over Plaintiff's election-related claims for injunctive relief against Maricopa County and the State. Pursuant to Arizona's election contest procedures, Plaintiff's sole means of contesting Arizona's 2022 gubernatorial election was in filing a Petition with the Maricopa County Superior Court and—if Plaintiff did not agree with the Superior Court's disposition of his Petition—his next recourse would have been the Arizona Court of Appeals. See A.R.S. § 16-672(A)–(B). The injunctive relief

that Plaintiff seeks is not to be found in filing an action in federal court a year after the disposition of his Election Contest Petition. See Normandeau v. City of Phoenix, 516 F. Supp. 2d 1054, 1062 (D. Ariz. 2005) ("[L]ower federal courts do not have subject matter jurisdiction to conduct appellate review of state court proceedings.").

To the extent that Plaintiff seeks injunctive relief in the form of compelling Maricopa County to provide Plaintiff with the case number assigned to his Petition by the Maricopa County Superior Court, Plaintiff has not shown that it is within the Court's jurisdiction to grant such relief. In addition, as Maricopa County argues, the judicial department is not under the control of Maricopa County, and so Maricopa County is not the proper Defendant to seek this relief from. See Sakrajsek v. Armstrong, No. CIV-04-0449-PHX-SMM, 2006 WL 120327, at *5 (D. Ariz. Jan. 13, 2006). The Court dismisses Plaintiff's claims for injunctive relief with prejudice.

**b. Plaintiff fails to state a claim for damages under 42 U.S.C. § 1983 or Plaintiff's state common-law causes of action.**

In addition to injunctive relief, Plaintiff seeks damages as a result of the alleged harms that Plaintiff suffered due to Defendants' actions. (Doc. 27 at 64). Plaintiff seeks damages for violations of Arizona's statutory election contest procedures and for constitutional claims relating to violations of (1) Plaintiff's due process rights pursuant to Article II of the Arizona Constitution; (2) Plaintiff's due process rights pursuant to the Fourteenth Amendment of the U.S. Constitution (3) Plaintiff's right to a free and equal election pursuant to Article II of the Arizona Constitution; (4) Plaintiff's right of petition and assembly pursuant to Article II of the Arizona Constitution; and (5) Plaintiff's right to petition pursuant to the First Amendment of the U.S. Constitution. Plaintiff also alleges claims for negligence and breach of the implied covenant of good faith and fair dealing.

Plaintiff brings his constitutional claims pursuant to 42 U.S.C. § 1983. (Id. at 2). The State and Governor argue that Plaintiff fails to state a claim under § 1983 because (1) Arizona's Constitution does not create a private right of action for violations of the state Constitution, (Doc. 30 at 4–5), and (2) Plaintiff cannot gain compensation in federal court

pursuant to a § 1983 damages action where Plaintiff did not avail himself of the established procedures for challenging an election. (Doc. 28 at 4–5, 8, Doc. 30 at 4–5), see Soules v. Kauaians for Nukolii Campaign Committee, 849 F.2d 1176, 1182 (9th Cir. 1988) (overruled on other grounds) (quoting Hutchinson v. Miller, 797 F.2d 1279, 1286 (4th Cir. 1986).

Section 1983 "imposes liability on any 'person' who, while acting under color of law, deprives someone of a right protected by the Constitution or federal law." United States v. Cnty. of Maricopa, 889 F.3d 648, 652 (9th Cir. 2018). The term "person," as used in § 1983, includes municipalities, which "creat[es] liability for local governments under § 1983. Id.; see also Monell v. N.Y.C. Dep't of Soc. Serv., 42 U.S. 658, 690 (1978). However, in general, suits for damages cannot be brought against states or state officials in their official capacity due to Eleventh Amendment immunity. See Jackson v. Hayakawa, 682 F.2d 1344, 1350 (9th Cir. 1982); see also Will v. Michigan Dept. of State Police, 491 U.S. 58, 72 (1989) ("[A] suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office."). Such actions are barred in the absence of an express waiver of Eleventh Amendment immunity.

The State and Governor argue that Plaintiff's failure to appeal the denial of his Election Contest Petition to the Arizona Court of Appeals is fatal to his § 1983 claim for damages. However, even if Plaintiff's Election Contest Petition was, as Plaintiff alleges, concealed by Judge Welty such that the Petition was never filed or was denied without the opportunity of an appeal, Plaintiff's claims against the Defendants for damages cannot succeed.

Three Defendants remain in this action: the State of Arizona, Governor (then Secretary of State) Hobbs, and Maricopa County. Both the State and Governor Hobbs— in her official capacity as then-Secretary of State—enjoy Eleventh Amendment immunity from claims for damages. See In re Mitchell, 209 F.3d 1111, 1115–16 (9th Cir. 2000)

(footnote omitted), <u>overruled in part on other grounds by</u> <u>Kimel v. Fla. Bd. of Regents</u>, 528 U.S. 62 (2000).

However, the Eleventh Amendment only bars actions for damages against state officers in their official capacity, and Plaintiff has raised claims against Hobbs in her personal capacity. Bringing a personal-capacity claim against a government official requires Plaintiff to allege that "the official, acting under color of state law, caused the deprivation of a federal right." <u>Kentucky v. Graham</u>, 473 U.S. 159, 167 (1985). On these claims, the Court finds that Plaintiff fails to allege any facts that would support a claim against Hobbs in her personal capacity relating to Judge Welty's disposition of Plaintiff's Election Contest Petition. Plaintiff's allegations against Hobbs relate to her oversight of Arizona's 2022 General Election as Secretary of State; however, Plaintiff has not plausibly alleged that any actions or inactions of Hobbs personally caused a violation of his constitutional rights. The Court dismisses Plaintiff's claims against Hobbs.

Lastly, as the Court has already discussed, Maricopa County is not liable for the actions of the judiciary. See <u>Sakrajsek</u>, 2006 WL 120327, at *5; <u>see also</u> <u>Hernandez v. Maricopa Cnty.</u>, 673 P.2d 341, 342–43 (Ariz. Ct. App. 1983). Accordingly, Plaintiff's claims for damages against Maricopa County must be dismissed with prejudice.

**IV.   CONCLUSION**

Having determined that Plaintiff's claims for injunctive relief and damages must be dismissed with prejudice, the Court need not reach Defendants' remaining arguments. The Court grants Maricopa County's and the State and Governor of Arizona's Motions to Dismiss.

Accordingly,

**IT IS ORDERED granting** Maricopa County's Motion to Dismiss. (Doc. 28).

**IT IS FURTHER ORDERED granting** the State and Governor of Arizona's Motion to Dismiss. (Doc. 30).

**IT IS FURTHER ORDERED dismissing with prejudice** Plaintiff's Second Amended Complaint. (27).

**IT IS FURTHER ORDERED directing** the Clerk of Court to close this action.

Dated this 28th day of October, 2024.

_____
Honorable Stephen M. McNamee
Senior United States District Judge